# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **GERALD EDWIN FARMER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:16-cv-01354** |
| | ) | **(Crim No. 3:11-cr-00251)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court, on remand from the Sixth Circuit, is Petitioner Gerald Edwin Farmer's

Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 (Doc. No.

1) and his Motion for Ruling on Remand (Doc. No. 20). For the following reasons and because the

Government agrees that Farmer's previous conviction in Tennessee state court for conspiracy to

commit aggravated robbery no longer qualifies as a predicate for Armed Career Criminal Status

(see Doc. No. 22), Farmer's motions will be granted, and the Court will reinstate its Amended

Judgment from November 20, 2017 imposing a 120-month term of imprisonment (Doc. No. 78).

## I.     BACKGROUND[1]

The Court originally granted Farmer's § 2255 motion on September 26, 2017, finding that

in light of Johnson v. United States, 576 U.S. 591 (2015) and United States v. Stitt, 860 F.3d 854

(6th Cir. 2017) (en banc) ("Stitt I"), Farmer's conviction for Tennessee aggravated burglary no

longer qualified as a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.

§ 924(e)(2)(B). (Doc. No. 13 at 4; Doc. No. 14.) But because it was undisputed that Farmer was

---

[1] The Court will not repeat the entire factual background of this case because it is aptly set forth
in the Court's September 26, 2017 Memorandum Opinion. (See Doc. No. 13.)

entitled to relief under <u>Stitt I</u>'s holding "that a conviction for Tennessee aggravated burglary is not a violent felony for purposes of the ACCA," 860 F.3d at 856, 862, the Court did not address whether Farmer's other Tennessee convictions for aggravated assault and conspiracy to commit aggravated robbery also qualified as violent felonies under the ACCA. (<u>See</u> Doc. No. 13 at 4.) After granting Farmer's § 2255 motion, the Court vacated his original 210-month sentence for unlawful possession of a firearm by a convicted felon and resentenced him to a 120-month term of imprisonment on November 20, 2017. (Case No. 3:11-cr-00251, Doc. No. 78 at 1–2.)

The government subsequently filed a notice of appeal (Doc. No. 16), and the Sixth Circuit granted its request to hold this case in abeyance while it sought the Supreme Court's review of <u>Stitt I</u> (<u>see</u> Doc. No. 18 at 2). In December 2018, the Supreme Court in <u>United States v. Stitt</u>, 139 S.Ct. 399, 406 (2018) ("<u>Stitt II</u>") reversed the Sixth Circuit's decision in <u>Stitt I</u> and held that Tennessee's aggravated-burglary statute fell within the scope of generic burglary's definition. Based on the holding in <u>Stitt II</u>, the Sixth Circuit vacated the Court's decision granting Farmer's § 2255 motion because "Farmer does not (and cannot) dispute that he is no longer eligible for relief based on the structures Tennessee's aggravated-burglary statute covers." (Doc. No. 18 at 3.) The Sixth Circuit then remanded Farmer's § 2255 motion for the Court to consider in the first instance some of the alternative arguments Farmer made on appeal. (Doc. No. 18 at 3.)

Given Farmer's concessions[2] in his Motion for Ruling on Remand (Doc. No. 20 at 3), the sole remaining issue on remand is whether Farmer's previous conviction in Tennessee state court

---

[2] One reason the Sixth Circuit remanded Farmer's motion was for the Court to consider whether Tennessee's burglary statute defines "entry" in an overbroad manner. (Doc. No. 18 at 3.) However, Farmer has since abandoned that argument because it "is now foreclosed by Sixth Circuit precedent." (Doc. No. 20 at 3 (citing <u>Brumbach v. United States</u>, 929 F.3d 791 (6th Cir. 2019); <u>United States v. Brown</u>, 957 F.3d 679 (6th Cir. 2020).) Accordingly, the Court finds that Farmer has waived the "entry" issue and will not address it here.

2

for conspiracy to commit aggravated robbery, in violation of Tenn. Code Ann. § 39-12-103, qualifies as a "violent felony" under the ACCA.

## II.    WHETHER CONSPIRACY TO COMMIT AGGRAVATED ROBBERY IN TENNESSEE IS A "VIOLENT FELONY" UNDER THE ACCA

As the Court stated in its September 26, 2017 Memorandum Opinion, the ACCA imposes a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for "violent felon[ies]." 18 U.S.C. § 924(e)(1). A "violent felony" under the ACCA is "any crime punishable by imprisonment for a term exceeding one year" that:

- "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); or

- "is burglary, arson, or extortion, [or] involves use of explosives" (the enumerated offense clause); or

- "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause).

18 U.S.C. § 924(e)(2)(B). Conspiracy to commit aggravated robbery does not fall under the enumerated offense clause because it is not "burglary arson, or extortion" and does not "involve[] use of explosives." See 18 U.S.C. § 924(e)(2)(B)(ii). And it cannot qualify as a violent felony under the residual clause because the Supreme Court in Johnson held that the ACCA's residual clause is unconstitutionally vague. 576 U.S. at 606. Thus, the only way Farmer's conviction for conspiracy to commit aggravated robbery could qualify as a violent felony under the ACCA is if it falls under the elements clause.

Federal courts use the controversial[3] "categorical approach" to determine whether a defendant's previous conviction qualifies as a violent felony under the elements clause. See Taylor

---

[3] Many federal judges have expressed concerns that the categorical approach produces arbitrary results and is difficult to administer. See United States v. Burris, 912 F.3d 386, 407 (6th Cir. 2019) (en banc) (Thapar, J., concurring) (collecting cases).

3

v. United States, 495 U.S. 575, 600 (1990). "The categorical approach prohibits federal sentencing courts from looking at the particular facts of the defendant's previous state or felony convictions; rather, federal sentencing courts may look only to the statutory definitions–*i.e.*, the elements–of a defendant's prior offenses." United States v. Burris, 912 F.3d 386, 392 (6th Cir. 2019) (en banc) (citing Descamps v. United States, 570 U.S. 254, 261 (2013)) (internal quotation marks omitted). If not "every defendant convicted of that . . . felony *must have* used, attempted to use, or threatened to use physical force against the person of another *in order to have been convicted*, . . . then a conviction under that statute may not serve as a violent-felony predicate under the elements clause." Id. (citations omitted).

> Tennessee Code defines a criminal conspiracy as an offense where:

> two (2) or more people, each having the culpable mental state required for the offense that is the object of the conspiracy, and each acting for the purpose of promoting or facilitating commission of an offense, agree that one (1) or more of them will engage in conduct that constitutes the offense.

Tenn. Code Ann. § 39-12-103(a).[4] The prosecution also needs to prove that one of the conspirators committed an overt act in furtherance of the conspiracy. Tenn. Code Ann. § 39-12-103(d) (noting that "[n]o person may be convicted of conspiracy to commit an offense, unless an overt act in pursuance of the conspiracy is alleged and proved to have been done by the person or by another with whom the person conspired."). However, there is no requirement under Tennessee law that the underlying offense of the conspiracy needs to be completed.[5] See Tenn. Code Ann. § 39-12-

---

[4] The Court does not need to use the "modified categorical approach" in this case because Tennessee's criminal conspiracy statute does not "list multiple alternative sets of *elements*[.]" Burris, 912 F.3d at 393.

[5] Farmer concedes that a conviction for aggravated robbery under Tennessee law would qualify as a violent felony under the force clause. (Doc. No. 20 at 6); see also United States v. White, 768 F. App'x 428, 431–32 (6th Cir. 2019); United States v. Mitchell, 743 F.3d 1054, 1059 (6th Cir. 2014).

103(f), Sentencing Comm'n Comments ("[A] conspiracy may occur even if the offense that was the object of the conspiracy did not occur.").

Applying the categorical approach to Tenn. Code Ann. § 39-12-103(a), the Court agrees with Farmer that his conspiracy to commit aggravated robbery conviction does not qualify as a violent felony under the elements clause because a person could be convicted of that crime without using, attempting to use, or threatening to use physical force against the person of another. (Doc. No. 1 at 3–4; Doc. No. 20 at 5–7.) Notably, the statute does not require that the underlying substantive offense—here, aggravated robbery—must have been completed or attempted, nor does it require the government to prove the elements of the underlying substantive offense.[6] See United States v. Johnson, 933 F.3d 540, 547 (6th Cir. 2019). Thus, a nonviolent prepatory measure such as acquiring a gun or ammunition to use in the agreed-upon robbery may establish the requisite overt act in furtherance of the conspiracy. See Cline v. State, 319 S.W. 2d 227, 230 (1958) (defendant's "unexplained possession of dynamite in large quantities" constituted an overt act for a conviction of conspiracy to dynamite and destroy a high school, even though the defendant kept the dynamite hidden and never set any particular date to blow up the school); State v. Dunkley, No. M2012-00548-CCA-R3-CD, 2014 WL 2902257, at *21 (Tenn. Crim. App. June 25, 2014) (finding that overt acts in furtherance of conspiracy to commit first degree murder included "stating that [the victim] needed to be killed, providing information regarding her whereabouts, providing

---

[6] In an unpublished decision, the Court of Criminal Appeals of Tennessee summarized that "[t]o convict a defendant of conspiracy to commit aggravated robbery, the jury must find (1) that the defendant entered into an agreement with at least one other person to commit aggravated robbery, (2) that each of the parties to the conspiracy had the intent to commit the offense of aggravated robbery, (3) that each party acting for the purpose of promoting or facilitating the aggravated robbery had agreed that one or more of them would engage in the conduct constituting the offense of aggravated robbery, and (4) that one of the parties to the conspiracy committed an overt act in furtherance of the conspiracy." State v. Lister, No. E2007-00524-CCA-MR3-CD, 2009 WL 1850882, at *18 (Tenn. Crim. App. June 29, 2009) (citing Tenn. Code Ann. § 39-12-103).

a gun, and contributing money to pay" a coconspirator). Because "the government may obtain a conviction [for conspiracy to commit aggravated robbery in Tennessee] by proving only that the defendant agreed to participate in violent crime or solicited it—and not that some person committed or attempted to commit the underlying offense—. . . [it is] outside the reach of the [elements] clause of § 924(e)(2)(B)[.]" See United States v. Gloss, 661 F.3d 317, 319 (6th Cir. 2011) (internal citations omitted).

## III.    CONCLUSION

For the foregoing reasons, the Court agrees that Farmer no longer qualifies as an Armed Career Criminal based on his prior Tennessee conviction for conspiracy to commit aggravated robbery. Accordingly, Farmer's Motion for Ruling on Remand (Doc. No. 20) is **GRANTED**, and his Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 (Doc. No. 1) is **GRANTED** on remand.

Normally when the Court grants a § 2255 motion, it amends the petitioner's original judgment or schedules a resentencing hearing. But the Court already resentenced Farmer after originally granting his § 2255 motion on the mistaken belief that he no longer qualified as an Armed Career Criminal based on his prior Tennessee conviction for aggravated burglary. (See Case No. 3:11-cr-00251, Doc. No. 77.) Thus, the most efficient and appropriate procedure here is to reinstate the Court's Amended Judgment (Case No. 3:11-cr-00251, Doc. No. 78) resentencing Farmer to 120 months' imprisonment. The Government has no objection to this procedure. (Doc. No. 22 at 2.)

This is a final order. The Clerk shall enter judgment in this case in accordance with Federal Rule of Civil Procedure 58. The Clerk shall also enter a copy of this Order and Judgment in Case No. 3:11-cr-00251.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE